IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WAYNE E. LINK,

      Petitioner,

   v.

KNOX COUNTY JAIL,

      Repsondent.

CASE NO. 2:15-CV-0229
JUDGE MICHAEL H. WATSON
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, Wayne E. Link, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

Petitioner indicates that he is challenging his February 2014 conviction for criminal damaging after a jury trial in the Mt. Vernon, Ohio Municipal Court. The trial court sentenced Petitioner to ninety (90) days of incarceration. He filed a timely appeal. On October 2014, the Ohio Fifth District Court of Appeals dismissed the appeal. Petitioner indicates that he thereafter filed a "motion to dismiss" in the state trial court. According to Petitioner, on November 24, 2014, the trial court denied his motion to dismiss without explanation and immediately incarcerated him. *Petition,* PageID# 12-13. Petitioner then filed a motion for a delayed appeal in the Ohio Supreme Court. PageID# 9.

It appears from the face of the *Petition* that Petitioner executed it on December 20, 2014. This Court did not receive it until January 21, 2015. Although it is difficult to decipher,

Petitioner appears to assert that the trial court improperly denied his request for discovery, thereby preventing him from presenting an effective defense, that he subsequently was unable to secure legal representation or the opportunity to file an appeal in regard to his motion to dismiss (claim one),  PageID# 12; and that the trial court improperly denied his motion *in limine* with regard to use of video evidence at the trial (claim two),  PageID# 14.

A federal habeas corpus petitioner must be "in custody" under the conviction or sentence under attack at the time he files his habeas corpus petition.  28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–491 (1989) (citing *Carafas v. La Valle,* 391 U.S. 234 (1968); 28 U.S.C. § 2254(a). "When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Ferqueron v. Straub*, 54 F. A'ppx. 188, 2002 WL 31828191, at *1 (6th Cir. Dec.13, 2002) (citing *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)).  A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review. A petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition, however, does not.  *Maleng,* 488 U.S. at 492–93. "The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner 'in custody' under § 2254(a)." *Ferqueron,* 2002 WL 31828191, at *1 (citing *Maleng,* 490 U.S. at 492).

It appears from the *Petition* that Petitioner's February 2014 sentence of ninety (90) days had long since expired prior to the filing of this action.  Although Petitioner indicates that the trial court subsequently incarcerated him in November 2014, after the denial of his motion to dismiss, he offers no basis in the *Petition* to conclude that his sentence had not already expired at

that time.  Under these circumstances, this Court lacks jurisdiction to consider Petitioner's claims.  The Magistrate Judge therefore **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   *s/ Elizabeth A. Preston Deavers*
**Elizabeth A. Preston Deavers**
**United States Magistrate Judge**

February 10, 2015